WAYNE F. MCGOWN, Deputy Secretary, Department of Administration
You have requested my opinion as to whether sec. 7 (2) (d) of Art. VIII, Wis. Const., precludes state agencies from entering into leases with all nonprofit corporations. The answer is in the negative.
Art. VIII, sec. 7 (2) (d), Wis. Const., provides:
"(d) No money shall be paid out of the treasury, with respect to any lease, sublease or other agreement entered into after January 1, 1971, to the Wisconsin State Agencies Building Corporation, Wisconsin State Colleges Building Corporation, Wisconsin State *Page 297 
Public Building Corporation, Wisconsin University Building Corporation or any similar entity existing or operating for similar purposes pursuant to which such nonprofit corporation or such other entity undertakes to finance or provide a facility for use or occupancy by the state or an agency, department or instrumentality thereof."
This constitutional amendment became effective on April 1, 1969
The intent of this provision was to eliminate all dummy building corporation type financing, as evidenced by the question submitted to the voters in connection with this amendment:
"Shall section 7 of article VIII of the constitution be amended to permit the state to contract public debt, * * * and eliminate reliance on the present method of financing such expenditures through leases with dummy building corporations? (NOTE: Adoption of this amendment would end the practice of borrowing through `dummy' building corporations which, as of 12/1/67, had an outstanding indebtedness of $382,511,869. Beginning 1/1/71 borrowing through state public building corporations would be unconstitutional, and all bonds issued for the state building program would be backed by the full faith and credit of the state.)" 1970 Wisconsin Blue Book, page 844.
In State ex rel. Warren v. Nusbaum (1973), 59 Wis.2d 391, 208 N.W.2d ___, the Supreme Court commented upon this constitutional provision at pages 426-427 of its decision. On page 426 it said:
"* * * the amendment sought to eliminate certain indirect financing as carried on between `dummy' corporations and the state. * * *"
And at page 427 it said:
"* * * The purpose of this section was to prevent the utilization of state money to liquidate the construction debts of nonprofit corporations established to provide facilities for the use or occupancy of the state. * * *"
"Art. VIII, sec. 7 (2) (d), Wisconsin Constitution, does not prevent all nonprofit organizations or corporations, established for a public purpose, from carrying on that purpose. It prohibits the type *Page 298 
of indirect financing for the purposes enunciated therein, as evidenced by the type of agreements that traditionally existed between the corporations specifically enumerated in sec. 7 (2) (d) and similar entities and the state. * * *"
In my opinion this constitutional provision does not prohibit the state from entering into a lease with an entity which provides a facility for governmental functions when there is no attempt to use the lease as part of a scheme for the state to acquire title to or the use of such a facility through the circumvention of the constitutional and statutory requirements relating to the acquisition of a state facility through state bonding. It was intended that after January 1, 1971, a state facility would be acquired for use through state general obligation bonding rather than through a dummy building corporation scheme.
This constitutional provision prohibits paying money out of the state treasury to any nonprofit corporation or similar entity existing or operating for purposes similar to those of the four named dummy building corporations, whereby an "entity undertakes to finance or provide a facility for use or occupancy by the state or an agency, department or instrumentality therof."
The term "similar entity" is not limited to nonprofit corporations, but includes other entities as well, such as unincorporated nonprofit associations, partnerships, joint ventures, etc., existing or operating "to finance or provide a facility for use or occupancy by the state * * *." If the legislature had intended to limit the prohibition to corporations only, it could have done so. But the legislature provided that the prohibition applied to the four named dummy building corporations "or any similar entity" rather than "or any similar corporation." Thus, the prohibition cannot be circumvented simply by utilizing an entity other than a nonprofit corporation.
The intent of the prohibition is to eliminate an arrangement, an example of which would be the typical sale and lease back scheme utilized by the dummy building corporations, which finances or provides a facility for use or occupancy by the state without utilizing state general obligation bonding. *Page 299 
In order to give definite advice concerning the applicability of this constitutional prohibition to a specific case it would be necessary to determine whether or not that particular entity which proposes to lease to a state agency has enumerated purposes set forth in its documents of organization contrary to the constitutional provision or by its actual operations shows that the constitutional intent is being circumvented. Therefore, in each transaction proposed it would be necessary to examine all facts and circumstances relating to each lease and entity involved and any evidence of circumvention of the constitutional intent would prohibit the state from entering into or continuing with such an arrangement.
RWW:APH